Froessel, J.
(concurring). I agree with the result arrived at in Judge Burke’s opinion, but am of the opinion that we do reach the question of improper delegation of judicial power. How can we say there is a waiver of a right unless we declare the right? Or, to put it conversely, if no right has been violated, there is simply nothing to waive.
Permitting clerks in Surrogates’ Courts to take testimony in contested matters and to rule on objections to the admissibility of evidence is definitely an improper delegation of judicial power, and we should so hold. In this case, the clerk sustained a great many objections of this character. Nor may he pass upon the credibility of witnesses. These are judicial functions which must be exercised by the Surrogate (N. Y. Const., art. VT, § 13), or, in a proper case, by a duly qualified Referee appointed by him. The clerk’s powers are limited by section 32 of the Surrogate’s Court Act.
In view of the parties’ acquiescence in a waiver in this case, I concur in affirmance.
Conway, Ch. J., Desmond, Dye, Fuld and Van Voorhis, JJ., concur with Burke, J.; Froessel, J., concurring in a separate memorandum.
Order affirmed.